**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1111
_____

AMENUL HOQUE;
ROJINA AKTER,
a/k/a Misess Rojina Akter,
a/k/a Rojina Hoque,
Petitioners

v.

ATTORNEY GENERAL OF THE UNITED STATES
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency Nos. A98-496-268 & A98-496-269)
Immigration Judge:  Honorable Henry S. Dogin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2011
Before:  RENDELL, JORDAN AND VAN ANTWERPEN, Circuit Judges

(Opinion filed:  April 12, 2012)
_____

OPINION
_____

PER CURIAM

Amenul Hoque and his wife, Rojina Akter (collectively "petitioners"), petition for

review of the order issued by the Board of Immigration Appeals ("BIA") denying their

motion to reopen asylum proceedings. The petition also appears to call for us to conduct a review of the BIA's original decision denying petitioners' application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). For the following reasons, we will dismiss the petition in part and deny it in part.

I.

Petitioners are citizens and natives of Bangladesh. After overstaying on a visitor's visa, they applied for asylum, withholding of removal, and CAT protection. The Immigration Judge ("IJ") held that the petitioners had failed to satisfy the requirements for any of the three forms of relief. They appealed, and the BIA dismissed the appeal on January 21, 2009; it held that, even assuming their credibility, the petitioners had failed to demonstrate either past persecution or a well-founded fear of future persecution. Administrative Record (A.) 87–88. We denied their first petition for review, "conclud[ing] that substantial evidence support[ed] the BIA's holding that Hoque failed to establish past persecution . . . [and its] determination that Hoque failed to demonstrate a well-founded fear of future harm." Hoque v. Att'y Gen., 375 F. App'x 178, 181 (3d Cir. 2010).

On November 5, 2010—more than one year after the BIA's initial determination—the petitioners moved to reopen proceedings, citing changed country conditions in Bangladesh. The motion incorporated two primary pieces of evidence: large excerpts of the 2008 State Department Human Rights Report on Bangladesh; and a new I-589 form, incorporating an affidavit that detailed the increased hostility and danger posed by an ascendant Awami League party.

2

The BIA denied the motion. It detailed the claims made and evidence offered by the petitioners, acknowledging the affidavit and the 2008 State Department Report, as well as "other country condition evidence." A.3. But the BIA found the evidentiary proffer to be insufficient: "the respondents have not supported their claim with affidavits from their family in Bangladesh, nor have they provided statements from their political party in the United States or in Bangladesh." A.4. The failure to provide "detailed accounts of their allegations" and to "support their claim with any objective evidence" doomed the motion, especially given the prior BIA finding—affirmed by this Court—that the petitioners had not shown either past persecution or a well-founded fear of future persecution. A.4. This petition followed.

## II.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), so long as the petition for review is filed "no[] later than 30 days after the date of the final order of removal," 8 U.S.C. § 1252(b)(1). As the petition for review is clearly untimely as to the BIA's January 2009 decision, we lack jurisdiction to review it. See McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006); see also Ruiz-Martinez v. Mukasey, 516 F.3d 102, 105 (2d Cir. 2008) (emphasizing that the § 1252(b)(1) deadline is jurisdictional and not subject to equitable tolling). Accordingly, we will dismiss the portions of the petition that appear to request that we do so.[1]

---

[1] Of course, as the Government observes, we have already reviewed all of these claims and found them wanting; hence, even if the petition were timely filed, the doctrine of *res judicata* would prevent a second analysis.

We review motions to reopen under 8 U.S.C. § 1229a(c)(7)(A)(i) and 8 C.F.R. § 1003.2(c) for abuse of discretion.[2] Zheng v. Att'y Gen., 549 F.3d 260, 264–65 (3d Cir. 2008). "Discretionary decisions of the BIA will not be disturbed unless they are found to be 'arbitrary, irrational or contrary to law.'" Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994) (citations omitted). Our review is limited to evidence in the administrative record that the BIA used in coming to its conclusion. 8 U.S.C. § 1252(b)(4)(A); Rranci v. Att'y Gen., 540 F.3d 165, 171 (3d Cir. 2008).

### III.

We conclude that the BIA did not abuse its discretion in denying the petitioners' motion to reopen. First, it is clear that the BIA considered the evidence before it, and did not "ignore[] the . . . detailed assertions" made by the petitioner. See Toussaint v. Att'y Gen., 455 F.3d 409, 417 (3d Cir. 2006); see also Wong v. Att'y Gen., 539 F.3d 225, 231 (3d Cir. 2008) ("The BIA need not write an exegesis on every contention.") (quotations, citations omitted). While alleging continued difficulty at home and incorporating the 2008 State Department Report on Bangladesh, the petitioners failed to provide any evidence from family members to corroborate their claims, and the BIA was not unjustified in finding their various generalizations—such as "[p]olitical oppression goes unchecked as the law enforcement agencies only follow the instruction of ruling party,"

---

[2] While motions to reopen must generally be filed "within 90 days of the date of entry of a final administrative order of removal," motions grounded on changed country conditions—as is the case here—are not subject to this deadline, so long as evidence supporting changed country conditions "is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(i)–(ii); see also 8 C.F.R. § 1003.2(c)(3)(ii); Filja v. Gonzales, 447

4

A.79—insufficient to warrant reopening. Allegations of general political unrest are worrisome, but the petitioners fail to connect the hazards described in the country report with risks, to them, of persecution or torture in Bangladesh. See Konan v. Att'y Gen., 432 F.3d 497, 506 (3d Cir. 2005).

Moreover, while the petitioners' affidavit makes reference to events that occurred in 2009, most notably a "killing incident held on February 25," such developments are not covered by the *2008* State Department Report, which was the only such report attached to the motion to reopen. While this incident is discussed in the State Department's 2009 Report, our review is limited to the material actually provided to the BIA.

In sum, the petitioners have failed to show that the BIA acted arbitrarily, irrationally, or in a manner contrary to law. We will therefore deny their petition for review.

---

F.3d 241, 252 (3d Cir. 2006).